UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAYNE ROBERTSON )<br>)<br>Defendant. )<br>) | Criminal Action No. 03-12 (RMC)<br><br>FILED<br><br>OCT 3 0 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM OPINION
## ON MOTION PURSUANT TO 28 U.S.C. § 2255

Defendant Wayne Robertson, through counsel, filed a motion on July 29, 2004 seeking relief from his sentence pursuant to 28 U.S.C. § 2255 and in reliance on *Blakely v. Washington*, 542 U.S. 296 (2004). The motion was belatedly brought to the Court's attention upon Mr. Robinson's *pro se* request, dated June 21, 2006, for an update on its status. On June 29, 2006, the Court ordered the United States Attorney for the District of Columbia to respond. The United States filed its Opposition on July 28, 2006. On August 8, 2006, the Court directed Mr. Robertson to reply, if he chose to do so, by September 6, 2006. No reply has been filed and the matter is now ripe for decision.

Facing a three-count indictment, Mr. Robertson entered into a plea agreement with the United States and pled guilty to a single count of unlawful possession with intent to distribute cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(c). By the terms of his plea agreement, Mr. Robertson agreed that he possessed more than five grams,

but less than fifty grams, of crack cocaine and that he possessed a firearm in connection with the drug offense. *See* Plea Agreement ¶ 2, Exh. B to Opposition.[1]

On July 31, 2003, the Court sentenced Mr. Robertson to 80 months' incarceration, to be followed by three years of supervised release.[2] The judgment of conviction was entered on August 22, 2003. Mr. Robertson did not seek direct appellate review of his sentence or his guilty plea. He filed the instant § 2255 motion on July 30, 2004.

Mr. Robertson argues that his Sixth Amendment rights were violated when his sentence was enhanced for the possession of a weapon based on facts found by the Court and not by a jury. He relies on *Blakely v. Washington*, 542 U.S. 296, in which the Supreme Court held that a sentence that was enhanced pursuant to the Washington State sentencing guidelines violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to wit: "[o]ther than the fact of a prior conviction,

---

[1] The plea agreement specifically stated:

> Your client [Wayne Robertson] agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than five grams, but less than fifty grams, of cocaine base also known as crack, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute. Your client also agrees and will acknowledge that your client possessed a dangerous weapon, i.e., a firearm, during the commission of the offense of conviction.

*Id.*

[2] In calculating Mr. Robertson's sentence under the Sentencing Guidelines, the Probation Office arrived at a base offense level of 26 for the drug violation. *See* Presentence Report at 6. A two-level enhancement for possession of a dangerous weapon in connection with drug trafficking was added pursuant to U.S.S.G. § 2D1.1(b)(1), and a three-level downward adjustment was applied for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). Based on the total offense level of 25 and a criminal history category of III, the Guideline range of imprisonment for Mr. Robertson's conviction by plea was 70 to 84 months.

any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). There is no doubt that *Blakely* applies to the federal Sentencing Guidelines. *Booker v. United States*, 543 U.S. 220 (2005). However, as particularly relevant here, *Blakely* clarified that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant.*" *Id.* at 303 (quotation marks and emphasis omitted; emphasis supplied).

In his plea, Mr. Robertson admitted possessing a firearm. The enhancement to his sentence based on the gun was not due to a finding by the Court instead of a jury; it was "admitted by the defendant." *Id.* *See also Booker*, 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added).[3] Therefore, his motion will be denied.

```
             /s/
         ROSEMARY M. COLLYER
         United States District Judge
```

DATE: October 18, 2006

---

[3] In light of this disposition, the Court does not need to address the Government's argument that *Blakely* does not have retroactive application and cannot be applied in a collateral attack on a sentence.