UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 03-12 (RMC) |
| ) | |
| WAYNE ROBERTSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

On November 28, 2006, the Court of Appeals for the D.C. Circuit directed this Court to determine whether a certificate of appealability is warranted in this case. *See* Dkt. # 31. Under 28 U.S.C. § 2253(c)(2), the Court should issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." The applicant "'need not show that he should prevail on the merits. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) (modification in original).

The Court concludes that Mr. Robertson has not made a substantial showing that a constitutional right was denied to him. As the Court explained in its Memorandum Opinion denying Mr. Robertson's § 2255 motion, there is no merit to Mr. Robertson's contention that the Court violated the rule announced in *Blakely v. Washington*, 542 U.S. 296 (2004) (as made applicable to the federal Sentencing Guidelines in *Booker v. United States*, 543 U.S. 220, 303 (2005)), by imposing a sentence that exceeded the statutory maximum based on facts not found by a jury. On

the contrary, the Court expressly based Mr. Robertson's sentence solely on facts to which Mr. Robertson admitted in his guilty plea. *See United States v. Robertson*, Case No. 03-cr-12 (RMC), Mem. Op. at 2-3 (D.D.C. Oct. 30, 2006). Because "the statutory maximum . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant*," *Booker*, 543 U.S. at 303 (2005) (emphasis added), no reasonable jurist could find it debatable that the Court's sentence was in accordance with *Booker*.

Even assuming *arguendo* that the Court's sentence violated the *Booker* rule, it is now well established that *Booker* does not have retroactive application and cannot be applied in a collateral attack on a sentence. *See, e.g., United States v. Morris*, 429 F.3d 65, 66-67 & n.2 (4th Cir. 2005) (collecting cases from ten circuits uniformly holding that *Booker* does not apply retroactively to cases on collateral review). Mr. Robertson was sentenced on July 31, 2003, over a year before the Supreme Court issued the *Booker* decision. Thus, even if Mr. Robertson could raise a legitimate question regarding the validity of his sentence under *Booker*, that question would not be reviewable under § 2255.

Because Mr. Robertson's § 2255 motion does not present a substantial constitutional issue, the Court concludes that a certificate of appealability under 28 U.S.C. § 2253(c)(2) is not warranted in this case. The Court therefore declines to issue one.

/s/
ROSEMARY M. COLLYER
United States District Judge

DATE: December 12, 2006